IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| APEX SYSTEMS, LLC,<br><br>    Petitioner,<br><br>v.<br><br>ROBERT L. FOSTER, JR.,<br><br>    Respondent. | Civil Action No.: 22-cv-02978-LKG<br><br>Dated: February 12, 2024 |

# MEMORANDUM OPINION

## I.  INTRODUCTION

This civil action arises from a dispute between Petitioner, Apex Systems, LLC ("Apex"), and Respondent, Robert L. Foster, Jr., regarding the Respondent's alleged breaches of his employment agreement with Apex. *See generally*, ECF No.1. In the petition, Apex seeks: (1) to compel the Respondent to arbitrate the parties' dispute; (2) an order appointing a neutral arbitrator; and (3) an order stating that Apex may select either the Honorable Sherie Krauser or the Honorable Allyson K. Duncan to serve as the parties' neutral arbitrator. *Id*.

On March 10, 2023, Apex filed a motion for default judgment, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. ECF No. 25. In this motion, Apex requests that the Court: (1) enter a default judgment against the Respondent; (2) compel the Respondent to proceed with the arbitration of certain claims under the parties' Dispute Resolution Agreement; and (3) order that Apex may select either the Honorable Sherrie Krauser or the Honorable Allyson K. Duncan to serve as the neutral arbitrator in the parties' arbitration. *Id*. at 1-2. The respondent has not filed a response to Apex's motion. No hearing is necessary to resolve the motion. L.R. 105.6. For the reasons that follow, the Court **GRANTS** Apex's motion for default judgment.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**

On November 16, 2022, Apex commenced this civil action, seeking an order compelling the Respondent to participate in arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4.  ECF No. 1.

Apex is a professional IT staffing and consulting agency with its principal place of business in Henrico, VA.  ECF No. 1 at ¶¶ 1, 8.

The Respondent is a former employee of Apex, who resides in Maryland.  *Id*. at ¶¶ 2, 8.

The Respondent initially worked as a contract employee at Apex's Legg Mason Investments (Division of Franklin Templeton) located in Baltimore, Maryland.  *Id*. at ¶ 8.  Apex alleges that the Respondent "converted to direct employment with Franklin Templeton without notifying Apex in accordance with his employment agreement, and thereafter continued to misrepresent his employment status by continuing to submit time records for Apex for payment."  *Id*.  Apex also alleges that the Respondent's conduct resulted in it paying the Respondent $96,498.04 in unearned wages.  *Id*.

<u>The Employment And Arbitration Agreements</u>

On March 1, 2019, the  Respondent executed a Contract Employee Agreement (the "Employment Agreement") with Apex.  ECF No. 1-2.  The Employment Agreement provides, in relevant part, that:

> [The Respondent] agree[d] to notify [Petitioner] immediately if, while during the temporary assignment or within a period of six (6) months following the conclusion of the temporary assignment, [he was] offered employment by the Client in the same or substantially similar position as [that] performed for the Client while employed by [Petitioner].

ECF. No. 1-2 at 3.

As part of the Respondent's employment with Apex, the Respondent also executed a Dispute Resolution Agreement on March 6, 2019.  ECF No. 1-1 at 3, 6.  Section 1 of the Dispute Resolution Agreement provides that:

> **Arbitration of Claims**.  This Agreement is between Employee ("Employee") and Apex Systems, LLC, its affiliates, subsidiaries, and parent companies ("Company"). . . . Employee and company agree to arbitrate any dispute arising out of or related to Employee's employment with, or termination of employment from, Company. . . . This agreement is intended to apply to resolving disputes that otherwise would be resolved in a court of law, and therefore, except as stated below, **this Agreement**

> **requires that all disputes must be resolved only by an arbitrator through final and binding arbitration and not by a court or jury trial**."

ECF No. 1-3 at 1. (emphasis in original.).

The Dispute Resolution Agreement also addresses the claims covered by that agreement and provides, in relevant part, that:

> **Employment Claims.** . . . This Agreement also applies, without limitation, to disputes regarding the employment relationship, any city, county, state, or federal wage-hour law, compensation, breaks and rest periods, training, termination, or harassment . . .

*Id*. The agreement further provides that "[t]he Dispute Resolution Agreement ("Agreement") is governed by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*., and it evidences a transaction involving commerce." *Id*.

In addition, Section 2 of the Dispute Resolution Agreement addresses the procedures for selecting an arbitrator and provides, in relevant part, that:

> **Arbitration Procedure.** The Arbitrator will be selected by mutual agreement of Company and Employee. Unless Employee and Company mutually agree otherwise, the Arbitrator will be an attorney licensed to practice in the location where the arbitration proceeding will be conducted or a retired federal or state judicial officer who presided in the jurisdiction where the arbitration will be conducted. . . .

*Id*. at 4.

Lastly, the agreement addresses the process for resolving any disagreements between the parties about the selection of an arbitrator, and provides that:

> If for any reason the parties cannot agree to an Arbitrator, either Party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted for appointment of a neutral Arbitrator. The court shall the appoint an arbitrator, who shall act under this agreement with the same force and effect as if the parties had selected the arbitrator by mutual agreement. . . .

*Id*.

<u>Apex's Request For Arbitration</u>

On October 11, 2022, Apex made an arbitration demand against the Respondent through the Judicial Arbitration and Mediation Services, Inc. ("JAMS"). ECF No. 1-4 . After this

demand was served on the Respondent, JAMS commenced the arbitration proceedings. ECF No. 1-5.

Apex alleges that the Respondent "has refused to engage in arbitration proceedings or communicate with [it] in any way." ECF No. 1 at ¶ 12. Given this, Apex commenced this civil action on November 16, 2023. *See generally* ECF No. 1.

The summons and petition were properly served on the Respondent on November 17, 2022. *See* ECF No. 7. But the Respondent neither answered, nor otherwise responded, to the petition. And so, Apex filed a motion for clerk's entry of default, pursuant to Fed. R. Civ. P. 55(a) on January 3, 2023. *See* ECF Nos. 18, 21.

On January 20, 2023, the Clerk of Court entered an Order of Default against the Respondent for failure to plead or otherwise defend this suit. ECF No. 22. The Respondent neither responded to, nor moved to vacate, the Order of Default. And so, on March 10, 2023, Apex filed the pending motion for default judgment, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. ECF No. 25. In the motion, Apex requests that the Court: (1) enter a default judgment against the Respondent; (2) compel the Respondent to proceed with the arbitration of certain claims under the parties' Dispute Resolution Agreement; and (3) order that Apex may select either the Honorable Sherrie Krauser or the Honorable Allyson K. Duncan to serve as the neutral arbitrator in the parties' arbitration. *Id*. at 1-2.

### III.   LEGAL STANDARDS

#### A. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure governs default judgments entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Court may enter default judgment at the plaintiff's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). Although courts maintain "a strong policy that cases be decided on the merits," *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment is appropriate when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

In deciding whether to grant a default judgment, the Court takes as true the well-pled factual allegations of the petition, other than those pertaining to damages. *See Ryan v.*

*Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").  The Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in this context.  *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011).  And so, where a petition avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment.  *Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012) (quoting *Iqbal*, 556 U.S. at 678); *see, e.g.*, *Balt. Line Handling Co.*, 771 F. Supp. 2d at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

### B.  The FAA

The FAA "requires courts to enforce covered arbitration agreements according to their terms." *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1412 (2019) (citations omitted).  Under section 2 of the FAA, an arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  And so, the FAA "establishes 'a liberal federal policy favoring arbitration agreements.'" *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

Section 4 of the FAA provides that a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition . . . [a] district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." *Id.*  This statute also provides that, when presented with such a petition, a court "shall hear the parties, and upon being satisfied that the making of the agreement for arbitration . . . is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.*  But, if the "making of the arbitration agreement" is at issue, "the court shall proceed summarily to the trial thereof." *Id.*

In this regard, the Fourth Circuit has explained that "application of the FAA requires demonstration of four elements: (1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision which purports to cover the dispute; (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect or refusal of the Respondent to arbitrate the dispute.

*Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 84 (4th Cir. 2016) (quoting *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 696 n.6 (4th Cir. 2012)) (internal quotation marks omitted). The Fourth Circuit has also held that the question of "[w]hether a party has agreed to arbitrate an issue is a matter of contract interpretation: '[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Levin v. Alms and Assocs., Inc.*, 634 F.3d 260, 266 (4th Cir. 2011) (quoting *Am. Recovery Corp. v. Computerized Thermal Imaging*, 96 F.3d 88, 92 (4th Cir. 1996) (citation omitted)) (brackets existing).

## IV.   ANALYSIS

Apex seeks entry of a judgment by default against the Respondent upon the grounds that the Respondent has failed to answer, plead or otherwise respond to the petition, or to move to vacate the Clerk's entry of default in this matter. ECF No. 25. Specifically, Apex requests that the Court: (1) enter a default judgment against the Respondent; (2) compel the Respondent to proceed with the arbitration of certain claims under the parties' Dispute Resolution Agreement; and (3) order that Petitioner may select either the Honorable Sherrie Krauser or the Honorable Allyson K. Duncan to serve as the neutral arbitrator in the parties' arbitration. ECF No. 25 at 1-2. For the reasons that follow, the Court **GRANTS** Apex's motion for default judgment.

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, this Court may enter a default judgment at Apex's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). Although courts maintain "a strong policy that cases be decided on the merits," *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment is appropriate when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). When deciding whether to grant default judgment, the Court takes as true the well-pled factual allegations of the petition, other than those pertaining to damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

In this case, Apex seeks a default judgment that would compel the Respondent to proceed with the arbitration of certain claims under the parties' Dispute Resolution Agreement, pursuant to the FAA, and an order providing that Apex may select either the Honorable Sherrie Krauser or

the Honorable Allyson K. Duncan to serve as the neutral arbitrator for the parties' arbitration. ECF No. 25 at 1-2.  And so, the Court begins its analysis of Apex's motion for default judgment by considering whether Apex has satisfied the requirements for compelling arbitration under the FAA.

To compel arbitration under the FAA, Apex must show: (1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision which purports to cover the dispute; (3) the relationship of the transaction, which is evidenced by the agreement, to interstate commerce; and (4) the failure, neglect or refusal to arbitrate the dispute.  *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002).  Apex has satisfied each of these requirements.

First, Apex has shown that that there is a genuine dispute between the parties in this case.  Apex alleges in its petition that the Respondent "converted to direct employment with Franklin Templeton without notifying Apex in accordance with his employment agreement, and thereafter continued to misrepresent his employment status by continuing to submit time records for Apex for payment."  *Id*. at 3.  Apex also alleges that the Respondent's conduct resulted in it paying the Respondent $96,498.04 in unearned wages.  *Id*.  And so, Apex persuasively argues that there is a *bona fide* dispute between the parties in this case.

Second, Apex has also shown that there is a valid written agreement between the parties that includes an arbitration provision which purports to cover this dispute.  Apex states in its petition that, the Respondent executed a Dispute Resolution Agreement in connection with his employment with Apex on March 6, 2019.  ECF No. 1-1 at 3, 6.  Apex has provided the Court with a copy of this agreement, which is signed by the Respondent and a representative of Apex.  ECF No. 1-1 at 5.  And so, the Court is satisfied that the Dispute Resolution Agreement is a valid written agreement between the parties.

The Court also reads this agreement to require that the parties arbitrate disputes about the Respondent's employment with Apex.  Notably, the Dispute Resolution Agreement provides that:

> Employee and Company agree to arbitrate any dispute arising out of or related to Employee's employment with, or termination of employment from, Company. . . . This agreement is intended to apply to resolving disputes that otherwise would be resolves in a court of law, and therefore, except as stated below, **this Agreement requires that all disputes must**

> **be resolved only by an arbitrator through final and binding arbitration and not by a court or jury trial**."

ECF No. 1-3 at 1 (emphasis in original.). Given this, the parties must resolve any employment-related disputes through binding arbitration.

The Court also reads the Dispute Resolution Agreement to allow either party to request that the Court appoint a neutral arbitrator, if the parties cannot mutually agree to an arbitrator. Section 2 of this agreement provides that:

> If for any reason the parties cannot agree to an Arbitrator, either Party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted for appointment of a neutral Arbitrator. The court shall the appoint an arbitrator, who shall act under this agreement with the same force and effect as if the parties had selected the arbitrator by mutual agreement. . . .

*Id*. And so, Apex has also shown that it may request that this Court appoint a neutral arbitrator to resolve the parties' dispute.

Lastly, Apex has similarly shown a relationship of the transaction at issue to interstate commerce. The parties' Dispute Resolution Agreement provides that [t]his Dispute Resolution Agreement ("Agreement") is governed by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*., and it evidences a transaction involving commerce." *Id*. at 1-1 at 2. And so, Apex has satisfied all elements required to compel the Respondent to participate in arbitration.

Having determined that the Respondent should be compelled to arbitrate this dispute, the Court next considers whether Apex has also shown that entry of a default judgment is appropriate in this matter. As Apex persuasively argues in its motion for default judgment, the Respondent has repeatedly failed and refused to arbitrate the parties' dispute in this matter. The Respondent neither responded to Apex's demand for arbitration, nor participated in the arbitration. *See* ECF No. 1-4; ECF No. 1 at 4. After Apex commenced this civil action on November 16, 2023, the Respondent also failed to respond to Apex's petition. *See* ECF No. 7.

In addition, after the Clerk of the Court's entered an Order of Default in this matter on January 3, 2023, the Respondent, neither responded to, nor moved to vacate, the Order. *See* ECF Nos. 18, 21 and 22. The Respondent has similarly failed to respond to Apex's motion for default judgment. And so, the Court will **GRANT** Apex's motion for default judgment.

V.     CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** Apex's motion for default judgment (ECF No. 25).

A separate Order shall issue.

s/ Lydia Kay Griggsby  
LYDIA KAY GRIGGSBY  
United States District Judge