IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| APEX SYSTEMS, LLC, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ROBERT L. FOSTER, JR., ) <br> ) <br> Respondent. ) <br> ) | Civil Action No. 22-cv-02978-LKG <br><br> Dated: May 30, 2025 |

## MEMORANDUM OPINION

### I. INTRODUCTION

The Petitioner, Apex Systems, LLC ("Apex"), has filed a motion to confirm a final arbitration award by and between Apex and Respondent, Robert L. Foster, Jr., and for entry of final judgment, pursuant to Section 9 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, *et seq*. ECF No. 30. No hearing is necessary to resolve this motion. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court: (1) **GRANTS** the Petitioner's motion to confirm a final arbitration award (ECF No. 30); (2) **CONFIRMS** the Final Order and Award of **$96,498.04**, plus pre- and post-judgment interest; (3) **CONFIRMS** the Final Award granting **$23,146.40** in attorney fees and costs; and (4) **ENTERS** judgment in favor of Apex Systems, LLC in the amount of **$119,644.44**.

### II. FACTUAL AND PROCEDURAL BACKGROUND[1]

Apex is a professional IT staffing and consulting agency with its principal place of business located in Henrico, VA. ECF No. 1 at ¶¶ 1 and 8.

The Respondent is a former employee of Apex, who resides in Maryland. *Id*. at ¶¶ 2 and 8.

---

[1] The facts recited in this memorandum opinion are derived from the petition for order compelling arbitration, the Petitioner's motion to confirm, and the Final Arbitration Order and Award. ECF No. 1; ECF No. 30; ECF No. 30-2.

On November 16, 2022, Apex commenced this civil action, seeking an order compelling the Respondent to participate in arbitration, pursuant to the FAA. ECF No. 1. On November 18, 2022, the Respondent was personally served with the Summons and Petition. *See* ECF No. 7. The Respondent failed to answer, plead, or otherwise respond to the Petition.

On March 10, 2023, Apex filed a motion for entry of default. *See* ECF No. 25. On February 12, 2024, the Court entered a Memorandum Opinion and Order granting default and compelling arbitration. *See* ECF Nos. 28 and 29.

Arbitrator Duncan held an arbitration hearing on June 13, 2024. *See* ECF No. 30-2 at 4. Arbitrator Duncan held the following: "[1] Respondent breached his employment agreement with [Apex] to [Apex's] financial detriment and that [2] [Apex] is therefore entitled to recover the amount of the overpayment, $96.498.04, plus pre and post-judgment interest, plus attorneys fees and costs as set forth in the affidavit of Laura Windsor." *Id*. at 6. JAMS served the Respondent and Apex with a copy of the Award by email and U.S. Mail on July 1, 2024. ECF No. 30-2 at 7.

### III.   DISCUSSION

The Court will grant the Petitioner's motion to confirm a final arbitration award and enter a final judgment in this matter, because the Respondent has not moved to vacate, modify, or correct the award and may no longer do so. "In order for a reviewing court to vacate an arbitration award, the moving party must sustain the heavy burden of showing one of the grounds specified in the Federal Arbitration Act or one of certain limited common law grounds," such as "where an award fails to draw its essence from the contract, or the award evidences a manifest disregard of the law." *Three S Del., Inc. v. DataQuick Info. Sys., Inc*., 492 F.3d 520, 527 (4th Cir. 2007) (citing *Patten v. Signator Ins. Agency, Inc*., 441 F.3d 230, 234 (4th Cir. 2006)). "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or [its] attorney within three months after the award is filed or delivered." 9 U.S.C. § 12; *see Int'l Relief & Dev., Inc. v. Ladu*, 474 F. App'x 165, 165 (4th Cir. 2012) (citing 9 U.S.C. § 12). And so, "once the three-month period has expired, an attempt to vacate an arbitration award could not be made even in opposition to a later motion to confirm." *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) (citing 9 U.S.C. § 12).

In this case, the Respondent has not moved to vacate, modify, or correct the award and the Respondent may no longer do so. Three months have passed since the Respondent was

served with the Final Arbitration Order and Award. *See* ECF No. 30-2 at 7; ECF No. 30-3. And so, the Respondent had until October 2024, to contest the arbitration award. *Choice Hotels Int'l, Inc. v. Shiv Hosp.*, LLC, 491 F.3d 171, 177 (4th Cir. 2007); *Int'l Relief & Dev., Inc. v. Ladu*, 474 F. App'x 165 (4th Cir. 2012) (per curiam).

Because the period to respond has long-expired, the Respondent may not move to vacate, modify, or correct this award. 9 U.S.C. § 12; *Taylor*, 788 F.2d at 225 (citing 9 U.S.C. § 12). And so, this Court must confirm the arbitration award. *See Ad Hoc Rsch. Assocs., LLC v. Gertis*, No. CV 24-3069-BAH, 2025 WL 101155, at *5 (D. Md. Jan. 14, 2025) (holding that "[b]ecause the parties entered into exclusive, binding arbitration, Petitioner timely moved to confirm the arbitration award, and no party has timely moved to vacate, modify or correct the award, Petitioner's petition to confirm the award will be granted."), *aff'd*, No. 25-1074, 2025 WL 1111481 (4th Cir. Apr. 15, 2025).

### IV.   CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Petitioner's motion to confirm a final arbitration award (ECF No. 30);

(2) **CONFIRMS** the Final Order and Award of **$96,498.04**, plus per and post-judgment interest, to recover the overpayment;

(3) **CONFIRMS** the Final Award granting **$23,146.40** in attorney fees and costs; and

(4) **ENTERS** judgment in favor of Apex Systems, LLC in the amount of **$119,644.44** which includes the Award of **$96,498.04** and **$23,146.40** in attorney fees and costs.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge